DEC. 1. 2003 3:41PM  ais LEGAL COUNSEL      Danny Finnerty           NO. 007   P. 2    @001
Nov.21. 2003  2:56PM    THE NEWS ON 6                                No.2487   P. 1

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY,
STATE OF OKLAHOMA

| | |
|---|---|
| RICHARD BARTON, .....Plaintiff, | ) <br> ) <br> ) |
| v. | ) <br> ) |
| RONALD W. HOWELL, STATESOURCE, LLC, SKIATOOK ECONOMIC DEVELOPMENT AUTHORITY, THE TOWN OF SKIATOOK, OKLAHOMA, BLU HULSEY, SENATOR JAMES INHOFE, and COLONEL ROBERT L. SUTHARD, JR., .....Defendants. | ) <br> ) No. _____ <br> ) <br> ) <br> ) <br> ) <br> ) |

## PETITION

COMES now the Plaintiff herein, RICHARD BARTON, and for cause of action against the Defendants, RONALD W. HOWELL, STATESOURCE, LLC, SKIATOOK ECONOMIC DEVELOPMENT AUTHORITY, THE TOWN OF SKIATOOK, OKLAHOMA, BLU HULSEY, SENATOR JAMES INHOFE, and COLONEL ROBERT L. SUTHARD, alleges and states as follows:

### FACTS COMMON TO ALL CAUSES OF ACTION

1. The Plaintiff is a majority stockholder of Crystal Bay Marina, Inc., an Oklahoma corporation which owns and operates Crystal Bay Marina, located in Osage County, Oklahoma, immediately west of the Town of Skiatook, Oklahoma. The Crystal Bay Marina is the sub-lessee of the Public Works Authority of Osage County, which sub-lease will expire by its own terms March 31, 2013, unless renewed prior thereto. This sub-lease has been renewed, wherein it was found by the Corps of Engineers, which administers the lake, that the said Marina had provided facilities and services necessary to serve the public and agreed to furnish additional facilities and services needed during the renewal period and perform in accordance with the lease terms as renewed. The Plaintiff herein is empowered, as an officer of the said corporation Crystal Bay Marina, Inc., to make decisions, perform services, and take actions as he sees fit. The Plaintiff is also the on-site manager of the said Marina, and the designated correspondent with the Public Works Authority of Osage County and the Corps of Engineers. Further, the Plaintiff is a taxpayer entitled to equal treatment and protection of the laws of the United States and of the State of Oklahoma.

2. The Defendant RONALD W. HOWELL, hereinafter referred to as the Defendant HOWELL, is a resident of Tulsa County, Oklahoma.

EXHIBIT A

3. The Defendant STATESOURCE, LLC, hereinafter referred to as the Defendant STATESOURCE, is a limited liability company organized and existing under the laws of the State of Oklahoma, partially owned and operated by the Defendant HOWELL.

4. The Defendant SKIATOOK ECONOMIC DEVELOPMENT AUTHORITY, hereinafter referred to as the Defendant SEDA, is a public trust organized by the Defendant The Town of Skiatook, Oklahoma.

5. The Defendant THE TOWN OF SKIATOOK, OKLAHOMA, hereinafter referred to as the Defendant TOWN, is a municipal body as described by the laws of the State of Oklahoma, having within its municipal borders land located in both Tulsa and Osage Counties.

6. The Defendant BLU HULSEY, hereinafter referred to as the Defendant HULSEY, is a resident of Tulsa County, Oklahoma, and is the former general manager of the Defendant TOWN.

7. The Defendant SENATOR JAMES INHOFE, hereinafter referred to as the Defendant INHOFE, is a resident of Oklahoma and one of the two duly-elected Senators of the State of Oklahoma.

8. The Defendant COLONEL ROBERT L. SUTHARD, JR., hereinafter referred to as the Defendant SUTHARD, is the principal U.S. Army Corps of Engineers officer for Skiatook Lake.

9. Commencing in approximately 2001, the Defendant SUTHARD, as the managing officer for the Skiatook Lake, which is owned and operated by the U.S. Army Corps of Engineers, did receive an application for a lease of public lands covering Skiatook Point at Skiatook Lake and environs, submitted by the Defendant STATESOURCE. The lease proposal by said Defendant was refused due to the established policy that the lease sought could only be to a governmental agency.

The Defendant TOWN did thereafter create the Defendant SEDA as a public trust, to act as the alter-ego of the Defendant TOWN. Thereafter, the Defendant SEDA did initiate, through the Defendant HULSEY, its request for a lease of the same public lands sought by the Defendant STATESOURCE to be leased, for the purposes of securing the same and leasing it to STATESOURCE. Included in the request was the Osage Nation, which withdrew before the lease was granted.

10. The project sought to be promoted through the aforesaid lease was named "Cross Timbers." Thereafter, at the urging and insistence of the Defendants INHOFE and SUTHARD, actions were taken which were not in conformity with the law and established policies of the U.S. Army Corps of Engineers, and in violation of regulations and requirements of various State and Federal acts, to allow the project "Cross Timbers" to come into effect, even though such was conceived in fraud, in a deliberate gathering of mis-information and deliberate assemblage and distribution of mis-information.

11/DEC. 1.2003 3:41PM 918 LEGAL COUNSEL    Danny Finnerty              NO. 007   P. 4
Nov.21. 2003  2:57PM  THE NEWS ON 6                                    No.2487   P. 3

11. There was therefore a conspiracy which was aided and further participated in by the other Defendants named herein.

12. In order to further the conspiracy, the Defendants INHOFE and SUTHARD misused the powers granted to them by law, and, although purporting to act under color of law and authority, went outside their designated positions to bring about the leasing of the said project.

13. There were requirements and studies conducted by the U.S. Army Corps of Engineers prior to the time Skiatook Lake was constructed, and these studies and further requirements created by the studies were used in the leasing of the Crystal Bay Marina area to the Public Works Authority of Osage County, which, in return, sub-leased such area to the original organizers of Crystal Bay Marina, Inc. Crystal Bay Marina, Inc. was required to conform to all requirements of the U.S. Army Corps of Engineers which arose out of the result of such said studies covering a period of over four years. Crystal Bay Marina, Inc., is required to pay a fee for the use these public lands.

14. The mis-information created and used by the Defendant conspirators was designed for personal betterment and use of the conspirators. Such was deliberate and willful, without regard for the rights of the public, and a blatant example of pork-barrel politics and repayment of political debts existing between some of the Defendants, including but not limited to the Defendants HOWELL, INHOFE, HULSEY, and SUTHARD.

15. Reports and studies submitted by the Defendant SEDA were based on mis-information furnished by the Defendants HOWELL, STATESOURCE, INHOFE, and SUTHARD, which culminated in the granting of the aforesaid lease to the Defendant SEDA. However, the said reports and studies were in direct conflict with the earlier studies required to be conducted by the U.S. Army Corps of Engineers and other Federal agencies for environmental impact and use as a water supply, recreational fishing, and boating.

16. The acts herein complained of occurred in both Tulsa County and Osage County, were to be performed in Osage County, and the property affected thereby is in Osage County. Various Defendants are residents of Tulsa County, as is the Plaintiff, and this Court has jurisdiction over the parties and subject matter of this action, and venue is proper in this Court.

### FIRST CAUSE OF ACTION

For his First Cause of Action against the Defendants herein, and each of them, realleges and restates and incorporates herein all Facts Common To All Causes of Action, and alleges and states in addition thereto as follows:

1. As a direct and proximate result of the aforesaid conspiratorial acts committed by the Defendants herein, the Plaintiff has suffered and continues to suffer an economic loss of income and value derived from his stock ownership, and has therefore been damaged in excess of $10,000.00.

DEC. 1. 2003 3:41PM   918       COUNSEL       Danny Finnerty           NO. 007   P. 5

Nov.21. 2003 2:59PM   THE NEWS ON 6                                     No.2497   P. 4

WHEREFORE, premises considered, the Plaintiff prays that upon hearing this First Cause of Action the Court grant judgment to the Plaintiff against the Defendants, and each of them, in excess of $10,000.00 for the Plaintiff's actual damages due to the said conspiracy, for the Plaintiff's costs herein expended, for a reasonable attorney fee herein, for interest on such judgments, and such other and further relief as to which the Plaintiff may be entitled and which the Court may deem equitable and just.

## SECOND CAUSE OF ACTION

For his First Cause of Action against the Defendants herein, and each of them, realleges and restates and incorporates herein all Facts Common To All Causes of Action and the First Cause of Action, and alleges and states in addition thereto as follows:

1. The aforesaid conspiracy, as developed by the said Defendant conspirators, in conjunction with each other and other conspirators unknown at this time, has directly and proximately resulted in a breach of the Crystal Bay Marina, Inc.'s lease contract with the U.S. Army Corps of Engineers, in that the Plaintiff was guaranteed that no other marina would be approved for the Skiatook Lake and the current lease would be renewed conditioned on Crystal Bay Marina being maintained in good shape and meeting the needs of the public. This oral promise was an inducement to the Plaintiff and the other shareholder of Crystal Bay Marina, Inc. to enter into the purchase of Crystal Bay Marina, on which they relied, to their detriment. The value of the marina has been damaged in a sum in excess of One Million Dollars ($1,000,000.00) by the aforesaid conspiracy.

WHEREFORE, premises considered, the Plaintiff prays that upon hearing this Second Cause of Action the Court grant judgment to the Plaintiff against the Defendants, and each of them, in excess of $1,000,000.00 for the Plaintiff's actual damages due to the said conspiracy, for the Plaintiff's costs herein expended, for a reasonable attorney fee herein, for interest on such judgments, and such other and further relief as to which the Plaintiff may be entitled and which the Court may deem equitable and just.

## THIRD CAUSE OF ACTION

For his Third Cause of Action against the Defendants herein, and each of them, realleges and restates and incorporates herein all Facts Common To All Causes of Action and the First and Second Causes of Action, and alleges and states in addition thereto as follows:

1. The Defendant conspirators have acted both individually and conjointly, to violate the rights of the Plaintiff as guaranteed to him by the Constitutions of the United States and the State of Oklahoma as to equal protection and treatment, and due to such conspiracy the Plaintiff has been damaged in excess of $10,000.00.

WHEREFORE, premises considered, the Plaintiff prays that upon hearing this Third Cause of Action the Court grant judgment to the Plaintiff against the Defendants, and each of them, in

excess of $** for the Plaintiff's actual damages due to $10,000.00 for violation of the Plaintiff's constitutional rights, for the Plaintiff's costs herein expended, for a reasonable attorney fee herein, for interest on such judgments, and such other and further relief as to which the Plaintiff may be entitled and which the Court may deem equitable and just.

### FOURTH CAUSE OF ACTION

For his Fourth Cause of Action against the Defendants herein, and each of them, realleges and restates and incorporates herein all Facts Common To All Causes of Action, and the First, Second and Third Causes of Action, and alleges and states in addition thereto as follows:

1. The aforesaid tortuous actions of the Defendants, both individually and conjointly, were intentional, willful, and done with malice to bring about harm and damages to the Plaintiff, by reason of which the Plaintiff should have and recover punitive damages against the Defendants in excess of $10,000.00, by way of punishment and example, and to prevent the Defendants from such actions in the future.

WHEREFORE, premises considered, the Plaintiff prays that upon hearing this Fourth Cause of Action the Court grant judgment to the Plaintiff against the Defendants, and each of them, in excess of $10,000.00 as and for punitive damages, for the Plaintiff's costs herein expended, for a reasonable attorney fee herein, for interest on such judgments, and such other and further relief as to which the Plaintiff may be entitled and which the Court may deem equitable and just.

*[Signatures:]*
Robert Butler
[signature]
Richard Barton
CO-Owner of
~~[struck through]~~
Crystal Bay Marina